ORTIZ, PLAINTIFF AND APPELLEE, *v.* SILVA ET AL., DEFENDANTS
AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action for an
Injunction to Recover Possession of Property.

No. 2143.—Decided April 26, 1920.

CHANGE OF VENUE—JURISDICTION.—A motion for change of venue made on the
day of the trial and after the party had submitted to the jurisdiction of
the district court comes too late.

OATH TO COMPLAINT—OBJECTION.—An objection to the oath to the complaint
made during the trial comes too late.

INJUNCTION TO RECOVER POSSESSION—UNLAWFUL DETAINER—CONFLICT OF TI-
TLES.—In an action for an injunction to recover possession, as in an action
of unlawful detainer, no conflict of titles can be considered, for only the
immediate right of possession is involved.

The facts are stated in the opinion.

*Messrs. Benet & Souffront* for the appellants.

*Mr. L. Montalvo Guenard* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a proceeding brought by virtue of Act No. 43
of 1913 and in accordance therewith the complainant sought
and obtained a judgment in injunction restoring him to the
possession of the property of which he alleged that he was
illegally deprived. The court found that the complainant
had been illegally deprived of the possession of the land by
the acts of the defendants and hence found in favor of said
complainant in accordance with the law and the decisions,
especially the opinion in the case of *Mattey* v. *Badillo,* 21
P. R. R. 159.

While there is some conflict in the proof the great weight
of the evidence is that the complainant was legally in pos-
session of the property on May 16, 1919, when the defend-
ants entered, tore down a fence and did other acts, all de-
priving the complainant of the peaceful possession of the
land. The appellant, besides discussing errors with respect
to the weighing of the proof, assigned several more errors.

Appellant maintained that the court was in error in not
granting a transfer of the case to the District Court of Ma-

yagüez. The motion was not made until the trial, when it was evident that the defendant had submitted and the court acquired jurisdiction by virtue of section 77 of the Code of Civil Procedure.

Similarly the defendant waited until the day of the trial to raise the question of the insufficiency of the oath to the complaint. Although the court has a discretion, such an objection at the moment of the trial comes too late. We decide this assignment on this ground, although we have doubts that the objection could have prevailed at any stage.

The court was not in error in eliminating from the answer all matter that related to an alleged title in the defendants. There may be cases where proof of possession might depend upon the proof of title, but the defendant did not show himself to be within the exception. The rule is, both in cases under Act No. 43 of 1913 and unlawful detainer suits, that the immediate right of possession only is involved and the superiority of title *vel non* eliminated. At the trial, moreover, it was evident in a large degree that the defendants were trying to rely on a title and to show that the complainant's title was inferior to their own. Some of their witnesses tried to justify the possession of the defendants from the title and attempted to ignore the fact that the complainant had been in peaceful possession for a long time prior to the violent ejectment. The fifth assignment involved substantially the same point.

At the trial it transpired from the testimony of the witnesses that the complainant in the complaint had inverted his eastern and western boundaries and the court permitted an amendment to conform to the proof. The appellant maintains that the testimony did not justify the change, but the court's finding in this regard was not mistaken. The appellants also alleged surprise, but they did not ask for a postponement and they were not, in point of fact, surprised

or prejudiced. The whole trial showed that everybody was talking of the same piece of land. It was well known and completely identified.

The appellants, in the seventh assignment, discuss the alleged improper admission of a statement of a witness to show that a deed was simulated, which seemed to transfer the possession from the complainant to others. We see neither error nor prejudice. The appellants were not parties to the deed and were not prejudiced by it. The appellee had a right to gainsay what the writing contained in regard to the possession.

The eighth assignment relates to another alleged improper admission by the court. It tended to show a title in the complainant, it is true, but it did not change the issue and was harmless, as the possession of complainant was otherwise abundantly proved.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.